UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BRYAN M. PENNINGTON,<br><br>    Defendant. | Case No. 18-cr-00055-LB<br><br>**ORDER REGARDING PROCEDURES FOR *FARETTA* HEARING** |

## INTRODUCTION

On February 14, 2018, at his initial appearance, the defendant Bryan Pennington said that he wants to represent himself.[1] The court advised Mr. Pennington generally of the dangers of self-representation and set the matter for a further hearing on February 23, 2018 to allow Mr. Pennington time to consider whether he wanted to represent himself.

The court issues this order to (1) advise the parties of the procedures it will follow at the February 23 hearing, (2) set forth the governing law, and (3) set forth the nature of the charges.

---

[1] Minute Entry – ECF No. 2. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 18-cr-00055-LB

**STATEMENT**

As discussed below, part of the inquiry under *Faretta v. California*, 422 U.S. 806 (1975), is an advisement of the nature of the charges.

The government has charged Mr. Pennington in a misdemeanor information with three counts of a violation of 36 C.F.R. § 1.6(g)(1) — Violation of Permit Requirement.[2] That statute provides in relevant part: "(g) The following are prohibited: (1) Engaging in an activity subject to a permit requirement imposed by this section without obtaining a permit. . . . ." 36 C.F.R. § 1.6(g)(1).

The information alleges that Mr. Pennington engaged in an activity subject to § 1.6's permit requirement by anchoring a Trimaran boat (referred to Mr. Pennington at the hearing as a yacht) during three time periods giving rise to the three counts: count one (between September 26, 2017 and October 9, 2017); count two (between November 11, 2017 and November 20, 2017), and count three (between December 4, 2017 and February 9, 2018). The elements of a violation of 36 C.F.R. § 1.6(g)(1) are as follows: (1) the defendant engaged in an activity subject to a permit requirement imposed by 36 C.F.R. § 1.6(g)(1), specifically, anchoring a Trimaran in Aquatic Park Cove without obtaining a permit; and (2) the defendant did so while in the boundaries of the San Francisco Maritime National Historic Park. The maximum penalty for each count is up to six months' imprisonment, a $5,000 fine, up to five years' probation, and a $10 mandatory special assessment fee.

**ANALYSIS**

**1. Governing Law**

A defendant who voluntarily and intelligently chooses to represent himself — that is, a defendant who knowingly and intelligently relinquishes the benefits traditionally associated with counsel — has the constitutional right to do so. *Faretta v. California*, 422 U.S. 806, 835–36 (1975). To invoke the Sixth Amendment right to self-representation, a defendant's request must be

---

[2] Information – ECF No. 1.

knowing and intelligent, unequivocal, timely, and not for the purpose of delay. *United States v. Schaff*, 948 F.2d 501, 503 (9th Cir. 1991).

Here, the request is timely, and any speculation that the request is for the purpose of delay is just that: speculation. *See Faretta*, 422 U.S. at 835–36 (defendant's request was weeks before trial).

As to whether Mr. Pennington's request to represent himself is equivocal, it was not. At the February 14 hearing, he was emphatic about representing himself, declined the court's offer to appoint the Federal Defender, and was ready to represent himself. The court nonetheless will question Mr. Pennington at the February 23 hearing about whether his request to represent himself is equivocal. As part of this inquiry, the court will discuss Mr. Pennington's right to an attorney at all stages of his proceedings, in court and out of court, through trial and appeal, and at no cost to him if he qualifies for appointed counsel. This is necessary because a defendant has two "correlative and mutually exclusive Sixth Amendment rights: the right to have counsel, on one hand, and the right to refuse counsel and represent himself, on the other hand." *United States v. Gerritsen*, 571 F.3d 1001, 1007 (9th Cir. 2009).

"Because a defendant who exercises the right of self-representation foregoes the benefits of exercising the right to counsel, 'the accused must 'knowingly and intelligently' forgo those relinquished benefits.'" *Id.* (quoting *Faretta*, 422 U.S. at 835). Thus, at the February 23 hearing the court will inquire into whether Mr. Pennington's request to represent himself and his waiver of his right to counsel are knowing and intelligent.

For a request and waiver to be knowing, intelligent, and voluntary, a defendant must be aware of the nature of the charges against him, the possible penalties (including the effect of prior convictions), and the dangers and disadvantages of self-representation. *United States v. Hantzis*, 625 F.3d 575, 579–80 (9th Cir. 2010). On February 23, the undersigned will go through the charges, the elements, and the possible penalties (as set forth in the Statement and as clarified, if necessary, by the government). The colloquy then will address the dangers and disadvantages of self-representation.

"Warnings of the pitfalls of proceeding to trial without counsel . . . must be rigorously conveyed." *Iowa v. Tovar*, 541 U.S. 77, 89 (2004) (internal quotations omitted). "Although a defendant need not himself have the skills and experience of a lawyer in order competently and intelligently to choose self-representation, he should be "made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta*, 422 U.S. at 835 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)); *accord Hantzis*, 625 F.3d at 579. In addition to the charges and possible penalties, the defendant must "understand 'his constitutional right to have a lawyer perform certain core functions' and 'the possible consequences of mishandling those core functions and the lawyer's superior ability to handle them.'" *Gerritsen*, 571 F.3d at 1007 (quoting *United States v. Mohawk*, 20 F.3d 1480, 1484 (9th Cir. 1994)).

The Supreme Court and the Ninth Circuit have not "'prescribe[d] any formula or script to be read to a defendant who states that he elects to proceed without counsel.'" *Id.* (quoting *Tovar*, 541 U.S. at 88); *see United States v. Lopez-Osuna*, 232 F.3d 657, 664 (9th Cir.), *amended* 242 F.3d 1191 (9th Cir. 2000); *United States v. Hayes*, 231 F.3d 1132, 1138 (9th Cir. 2000). Rather, "'the information that a defendant must possess in order to make an intelligent election . . . will depend on a range of case-specific factors, including a defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding.'" *Gerritsen*, 571 F.3d at 1007 (quoting *Tovar*, 541 U.S. at 88). In *Hayes*, however, the Ninth Circuit recommended the following language:

> The court will now tell you about some of the dangers and disadvantages of representing yourself. You will have to abide by the same rules in court as lawyers do. Even if you make mistakes, you will be given no special privileges or benefits, and the judge will not help you. The government is represented by a trained, skilled prosecutor who is experienced in criminal law and court procedures. Unlike the prosecutor you will face in this case, you will be exposed to the dangers and disadvantages of not knowing the complexities of jury selection, what constitutes a permissible opening statement to the jury, what is admissible evidence, what is appropriate direct and cross examination of witnesses, what motions you must make and when to make them during the trial to permit you to make post-trial motions and protect your rights on appeal, and what constitutes appropriate closing argument to the jury.

*Id.* at 1138–39; *accord United States v. Erskine*, 355 F.3d 1161, 1168 (9th Cir. 2004).

Several other legal points are important.

First, a request may be denied if a defendant demonstrates an unwillingness or an inability to "abide by rules of procedure and courtroom protocol." *Lopez-Osuna*, 232 F.3d at 665. The court will ask Mr. Pennington if he is willing to follow the rules of procedure and protocol.

Second, the court's focus is on Mr. Pennington's competence to waive counsel, not on his legal competence. *See United States v. Arlt*, 41 F.3d 516, 518 (9th Cir. 1994). As stated above, technical legal knowledge is not required. *See Faretta*, 422 U.S. at 835; *Hayes*, 231 F.3d at 1138.

Third, the court could appoint standby or advisory counsel. Advisory counsel gives technical assistance to a defendant but does not participate in the trial. Standby counsel represents the defendant if self-representation is terminated. *See United States v. Salemo*, 81 F.3d 1453, 1456 n.2 (9th Cir. 1996). If Mr. Pennington is indigent, he has no right to court-appointed standby or advisory counsel. *See id.* at 1460. But the district court may appoint standby or advisory counsel to protect the court's own interests in fair and orderly proceedings. *Id.* at 1459. The court will ask Mr. Pennington his views on standby or advisory counsel.

## 2. Specific Questions to Mr. Pennington

As discussed above, the court will inquire into whether Mr. Pennington's request for counsel is unequivocal, and it will advise him of the nature of the charges and the possible penalties, and the dangers and disadvantages of self-representation, using the suggested language in *Hayes*. It will ask about advisory or standby counsel.

The Federal Judicial Center's Benchbook For U.S. District Judges (Mar. 2013 rev.) contains a *Faretta* colloquy in section 1.02. It is attached as Exhibit A, and the undersigned will go through it at the hearing.

## CONCLUSION

The court prepared this order to alert the parties about areas of inquiry and to provide context for the hearing on February 23, 2018 at 9:30 a.m. At the hearing before the undersigned, counsel for the government must be prepared to offer questions about any other areas of inquiry, particularly the case-specific factors about the complexity of the charges and the stage of the proceeding. *See Gerritsen*, 571 F.3d at 1007.

At the February 14, 2018 hearing, Mr. Pennington was unable to provide any contact information, such as mailing address, email address, or telephone number. The government offered to serve him with filings. If it is possible to serve this (and the other government and court filings) before the next hearing, the court asks the government to do so. Otherwise, the government may serve Mr. Pennington personally at the February 23 hearing and thereafter must file proof of service (or at least make a record at the hearing).

The court asks the government to provide a copy to Dan Blank, who apparently is the duty Federal Defender on February 23, 2018.

**IT IS SO ORDERED.**

Dated: February 21, 2018

_____
LAUREL BEELER
United States Magistrate Judge